[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#111)
Robert B. Helmand, d/b/a Pacific Land (hereinafter the "plaintiff"), brings this action against Gilbert Shasha[1]
(hereinafter the "defendant") seeking foreclosure of the defendants premises at 81 Granite Street, New London, Connecticut (hereinafter the "property").
On November 7, 1980, the defendant borrowed $94,000 from an assignor of the plaintiff, and duly executed a promissory note (hereinafter the "Note") to that effect. In addition, to secure this debt, the defendant gave a mortgage (hereinafter the "Mortgage") on his property to an assignor of the plaintiff. The plaintiff, after various assignments, acquired ownership of the Note and Mortgage on November 8, 1996.
The plaintiff claims that the defendant failed to pay the principal and interest installments due on April 1, 1997, and each consecutive month thereafter. On January 16, 1998, the CT Page 3727 plaintiff notified the defendant of his intent to accelerate the amounts due under the Note contingent upon the defendant not curing his default and breaches of the Note before March 1, 1998. The defendant failed to cure said default before March 1, 1998. The plaintiff asserts that, as of March 2, 1998, the defendant owes $35,612.72 toward principal, plus $3,941.17 toward interest, plus late charges, attorney's fees and costs of collection under the terms of the Note.
The plaintiff filed a complaint asserting the foregoing facts on April 2, 1998 The defendant filed his answer to the complaint on May 15, 1998, and, on May 27, 1998, filed his disclosure of defense. On November 13, 1998, the plaintiff filed a motion for summary judgment, with supporting affidavits, as to the issue of liability and the amount due on the Mortgage and Note. The defendant filed his objection with one affidavit and an attached document to this motion on November 27, 1998. The court heard oral argument at short calendar on November 30, 1998.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v. Pomes, 247 Conn. 442, 452, ___ A.2d ___ (1999). "[T]he trial court must view the evidence in the light most favorable to the nonmoving party . . . [A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Citations omitted; internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554-55, 707 A.2d 15 (1998).
It is undisputed that the plaintiff has alleged a valid foreclosure action against the defendant. That is, the plaintiff has included allegations "relating to the parties and terms of the operative instruments, the nature of the default giving rise to the right to foreclosure, the amount currently due and owing, the name of the record owner and of the party in possession, and appropriate prayers for relief." (Internal quotation marks omitted.) New England Savings Bank v. Bedford Realty Corp.,246 Conn. 594, 610, 717 A.2d 713 (1998). The defendant, however, in his disclosure of defense and opposition to the motion for summary judgment, argues that the plaintiff agreed to a forgiveness of the defaults, waiver of late fees and accepted CT Page 3728 over $15,000 in payments in accordance with this agreement. The defendant asserts that the plaintiff's actions necessarily create an ambiguity in the continued enforceability of the non-waiver clause of the contract.[2] The plaintiff counters that there never was such an agreement, and that the schedule of payments simply represents an adjustment of the escrow account balance to zero, not a waiver of any payments or reduction in principal.
"The traditional defenses available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien. . . . In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . [T]he equitable nature of foreclosure demands that the court consider all circumstances to ensure that complete justice is done between the parties." (Citations omitted; internal quotation marks omitted.) Dime Savings Bank v. Albir, Superior Court, judicial district of Stamford/Norwalk, Docket No. 132582 (February 7, 1995, D'Andrea, J.).
In opposition to the motion, the defendant submits an affidavit wherein he asserts that "[i]n the fall and summer of 1996 a question arose between the note holder and [me] concerning the amount of the debt and late charges. . . . It became apparent [that], the only issues in dispute were whether payments were current and whether, in keeping with that, late charges were appropriate. . . . Subsequent to these discussions, we agreed that the principal balance due was $42,368.47 and any late fees would be waived and the amount would be recognized as current. . . . Payments would be made in accordance with this agreement. . . . This agreement was reflected in the AMRESCO[3]
Borrower's Loan History Report." See Affidavit of Gilbert Shasha ¶¶ 3-7. An affidavit submitted by the vice president for the plaintiff verifies that the defendant has made approximately seven payments since November 8, 1996, totalling $14,569.18, and that the plaintiff refused to accept a $1286.78 check tendered by the defendant on September 15, 1997 because it was marked "current." See Affidavit of James M. Balis ¶¶ 11, 12.
In the AMRESCO Borrower's Loan History Report, the November 6, 1996 transaction date is described in three separate instances as "L/C Waived;" "Debt Frgiv;" and "Payoff." The plaintiff CT Page 3729 submits an affidavit of the vice president of AMRFSCO who asserts that "Debt Frgiv" represents the adjustment of the escrow account to zero; and that "Payoff" provides the final payoff figure. See Affidavit of William J. Sweeney, Jr. ¶ 23. This affidavit also asserts that AMRESCO never explicitly nor implicitly, at any time, agreed with the defendant to waive payments or to reduce the principal. See Affidavit of William J. Sweeney, Jr. ¶¶ 25, 26.
"To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual CasualtyCo., 214 Conn. 573, 579, 573 A.2d 699 (1990). The court finds that the defendants affidavit, when read in a light most favorable to him, recites facts which contradict the plaintiff's affidavits and documents. Construed most favorably to the nonmovant, the record before this court presents genuine issues of material fact as to the plaintiff's express or implied waiver of the defendants alleged defaults, and whether an agreement between the parties was reached.
For the reasons stated herein, the plaintiff's motion for summary judgment is denied.
Martin, J.